IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 25-cr-10034 |
| | ) | |
| Plaintiff, | ) | VIOLATIONS: |
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1030(a)(2) |
| STEPHEN H. KEITH, | ) | 18 U.S.C. § 1028(a)(7) |
| | ) | 18 U.S.C. § 1028A |
| Defendant. | ) | 18 U.S.C. § 1001 |
| | ) | |

## INDICTMENT

The Grand Jury charges:

### COUNTS 1 - 4
### (Wire Fraud)

#### Background

At all times material:

1. STEPHEN H. KEITH ("KEITH"), was an individual who resided in the Central District of Illinois and elsewhere.

2. KEITH told others that he could fix computers, networks, and other digital devices. At some unknown point, he started claiming that he ran a company called DeviceLyfe, LLC ("DeviceLyfe"). DeviceLyfe was never registered as a company with the Illinois Secretary of State.

<u>Scheme to Defraud</u>

3.  Starting at least as early as August 2020 and continuing through at least August 2024, in the Central District of Illinois and elsewhere,

**STEPHEN H. KEITH,**

defendant herein, did knowingly engage in a scheme and artifice to defraud multiple victims to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

It was a part of the scheme that:

4.  KEITH claimed to offer IT and other technological services through DeviceLyfe. KEITH utilized his purported company to gain access to people's homes and businesses, and access to their computers, laptops, phones, and other electronic devices.

5.  KEITH used this access to obtain personal and private financial information related to these individuals and businesses. This personal and private financial information included paperwork, documents, account information, identification documents (such as driver's licenses, passports, and social security cards), credit card information, and financial instruments.

6.  KEITH further used this access to obtain electronic information related to his victims' financial accounts, email accounts, credit cards, social

security numbers, usernames and passwords, and other private personal and financial information.

7. KEITH used and attempted to use this information to create fraudulent identification documents, open bank accounts in other people's names, take out loans, transfer funds to himself, and add himself to the accounts of third parties without their knowledge, consent, and permission.

8. KEITH further used his knowledge and experience with computers to obtain lists and databases that contained personal, financial, and account information for other individuals. KEITH downloaded and otherwise acquired these lists and databases from the internet and messaging apps such as Telegram.

9. The lists and databases KEITH acquired in this manner included various personal, financial, and account information for third parties. These lists and databases included information related to credit card information, usernames and passwords for various account types, social security numbers, phone numbers, email addresses, and other personally identifying information for these third parties.

10. KEITH would backup and otherwise save lists, databases, images, real and fraudulent identification documents, and other activity related to his fraud to a Dropbox account.

11. KEITH used, attempted to use, and intended to use the information he obtained on third parties for his own personal gain and to defraud the third parties, companies and institutions with which they did business, and others.

12. On or about each of the dates set forth below, in the Central District of Illinois and elsewhere,

STEPHEN H. KEITH,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme and artifice, did, for the purpose of executing such scheme and artifice, transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 1 | 4/5/23 | Login to Dropbox where backup files were stored |
| 2 | 5/8/24 | Download of "klogs.txt" saved to C:\Users\agent02973\Favorites\Downloads\klogs.txt |
| 3 | 5/19/24 | Download of "cards (4).txt" saved to C:\Users\agent02973\Favorites\Downloads\cards (4).txt |
| 4 | 6/22/24 | Download of "ssn.rar" saved to C:\Users\agent02973\Favorites\Downloads\ssn.rar |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 5
**(Obtaining Information by Computer from a Financial Institution)**

13.  The grand jury realleges and incorporates by reference the allegations set forth in paragraphs 1 – 11 as if fully set forth herein as paragraph 13.

14.  On or about March 31, 2023, within the Central District of Illinois and elsewhere,

STEPHEN H. KEITH,

defendant herein, intentionally accessed a computer without authorization and exceeded authorized access to a computer, and thereby obtained information contained in a financial record related to an account held by J.M. at Citibank, a financial institution. Said actions were committed for purposes of commercial advantage and private financial gain, in furtherance of a criminal and tortious act in violation of the Constitution and the laws of the United States.

All in violation of Title 18, United States Code, Sections 1030(a)(2) and Sections (c)(2)(B)(i)-(iii).

## COUNT 6
### (Possession of Means of Identification)

15. The grand jury realleges and incorporates by reference the allegations set forth in paragraphs 1 – 11 as if fully set forth herein as paragraph 15.

16. On or about June 14, 2024, in the Central District of Illinois and elsewhere,

STEPHEN H. KEITH,

defendant herein, did knowingly possess and use in and affecting interstate and foreign commerce, without lawful authority, a means of identification of another person, to wit, the name, date of birth, social security number and Illinois Driver's License number of T.S., knowing that the means of identification belonged to another actual person, with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of federal law and a felony under any applicable state and local law, to wit, Unlawful Production of a Document or Authentication Feature in violation of 18 U.S.C. § 1028(a)(1), Aggravated Identity Theft in violation of 18 U.S.C. § 1028A, Bank Fraud in violation of 18 U.S.C. § 1344, Credit Card Fraud in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1)(A)(i), and Wire Fraud in violation of 18 U.S.C. § 1343.

All in violation of Title 18, United States Code, Section 1028(a)(7) and Section (b)(2)(B).

## COUNT 7
### (Possession of Means of Identification)

17. The grand jury realleges and incorporates by reference the allegations set forth in paragraphs 1 – 11 as if fully set forth herein as paragraph 17.

18. On or about June 14, 2024, in the Central District of Illinois and elsewhere,

STEPHEN H. KEITH,

defendant herein, did knowingly possess and use in and affecting interstate and foreign commerce, without lawful authority, a means of identification of another person, to wit, the name, date of birth, and United States Passport number of R.P., knowing that the means of identification belonged to another actual person, with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of federal law and a felony under any applicable state and local law, to wit, Unlawful Production of a Document or Authentication Feature in violation of 18 U.S.C. § 1028(a)(1), Aggravated Identity Theft in violation of 18 U.S.C. § 1028A, Bank Fraud in violation of 18 U.S.C. § 1344, Aggravated Identity Theft in violation of 18 U.S.C. § 1028A, Bank Fraud in violation of 18 U.S.C. § 1344, Credit Card Fraud in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1)(A)(i), and Wire Fraud in violation of 18 U.S.C. § 1343

All in violation of Title 18, United States Code, Section 1028(a)(7), (b)(2)(B).

## COUNT 8
### (Possession of Means of Identification)

19. The grand jury realleges and incorporates by reference the allegations set forth in paragraphs 1 – 11 as if fully set forth herein as paragraph 19.

20. On or about June 14, 2024, in the Central District of Illinois and elsewhere,

STEPHEN H. KEITH,

defendant herein, did knowingly possess and use in and affecting interstate and foreign commerce, without lawful authority, a means of identification of another person, to wit, the name, date of birth, social security number, and United States Passport number of J.Z., knowing that the means of identification belonged to another actual person, with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of federal law and a felony under any applicable state and local law, to wit, Unlawful Production of a Document or Authentication Feature in violation of 18 U.S.C. § 1028(a)(1), Aggravated Identity Theft in violation of 18 U.S.C. § 1028A, Wire Fraud in violation of 18 U.S.C. § 1343, Bank Fraud in violation of 18 U.S.C. § 1344, and Credit Card Fraud in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1028(a)(7), (b)(2)(B).

## COUNT 9
### (Aggravated Identity Theft)

21. The grand jury realleges and incorporates by reference the allegations set forth in paragraphs 1 – 11 as if fully set forth herein as paragraph 21.

22. On or about April 10, 2024, in the Central District of Illinois and elsewhere,

STEPHEN H. KEITH,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, T.S., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit Unlawful Production of a Document or Authentication Feature in violation of 18 U.S.C. § 1028(a)(1), Bank Fraud in violation of 18 U.S.C. § 1344, Credit Card Fraud in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1)(A)(i), and Wire Fraud in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 10
## (Aggravated Identity Theft)

23.     The grand jury realleges and incorporates by reference the allegations set forth in paragraphs 1 – 11 as if fully set forth herein as paragraph 23.

24.     In or around January 2023, in the Central District of Illinois and elsewhere,

### STEPHEN H. KEITH,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, J.Z., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit Unlawful Production of a Document or Authentication Feature in violation of 18 U.S.C. § 1028(a)(1), Bank Fraud in violation of 18 U.S.C. § 1344, Credit Card Fraud in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1)(A)(i), and Wire Fraud in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 11
### (Making a False Statement)

25.     On or about October 6, 2025, In the Central District of Illinois,

STEPHEN H. KEITH,

defendant herein, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by telling Special Agents of the Federal Bureau of Investigation (FBI) that:

(1) He did not know the name J.M.; whereas, in truth and fact, he had accessed J.M.'s account at Citi Bank and added himself to her bank account. Further, on an Acer laptop that he used, KEITH had screen shots showing a cellular phone logged into J.M.'s account at Citi Bank;

(2) He did not know the name L.P.; whereas, in truth and fact, he compromised at least one account belonging to L.P. and added third parties, including H.W. (now known as H.K.) to the account belonging to L.P.

(3) He did not know the name B.L.; whereas, in truth and fact, he had a copy of B.L.'s driver's license on an Acer laptop that he used. He also had saved a screen shot showing a cellular telephone logged into B.L.'s account at Verizon;

11

(4) He did not know the email address g****************3@yahoo.com; whereas, in truth and fact, this account belonged to J.M. and KEITH used this email address to access and attempt to access accounts belonging to J.M.

(5) He did not know the email address e********7@yahoo.com; whereas, in truth and fact, this account belonged to L.P. and KEITH used this email address to access and attempt to access accounts belonging to L.P.

All in violation of Title 18, United States Code, Section 1001,

## NOTICE OF FORFEITURE

26. The allegations contained in Counts 1 – 10 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(7) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

27. Upon conviction of the offenses set forth in Counts 1 – 10 of this Indictment, the defendant, STEPHEN H. KEITH, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(7) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. The property to be forfeited includes, but is not limited to, a money judgment.

28. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A True Bill,

**Redacted**

Foreperson

**Redacted**

GREGORY M. GILMORE
ACTING UNITED STATES ATTORNEY
DFM